UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EVE ALEXIS SOTIRIOU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:12-cv-00270-JAW |
| | ) | |
| MAINE, STATE OF | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

Eve Sotiriou has brought a lawsuit claiming that the State of Maine violated her and her son's constitutional rights under the Fourteenth Amendment of the United States Constitution. The gist of her complaint appears to be that the Probate Court (unspecified which court) violated procedural due process when it granted a petition for "co-adoption" without holding a hearing or obtaining the "sole legal parent's" written consent or advising the sole legal parent of her rights. (Complaint at 1, ECF No. 1.) Sotiriou further complains that the Maine Law Court compounded the error when it affirmed the Probate Court's decision. In her complaint Sotiriou requests that this Court vacate the orders of the Probate and Supreme Courts and enter judgment in her favor. The State of Maine has filed a motion to dismiss and in her response to the motion Sotiriou has clarified that her requested relief includes a request for "monetary damages." (Response to Motion to Dismiss at 2, ECF No. 12.) I now recommend that the Court grant the defendant's motion.

**BACKGROUND**

Although the complaint does not identify the underlying state court litigation, the defendant identifies the case as In re. Adoption of J.S.S., 2010 ME 74, 2 A.3d 281. (See Motion to Dismiss at 2, n.2, ECF No. 11.) In July 2007, Sotiriou adopted a male infant in Vietnam and

brought him to the United States. At the time, Sotiriou was in a relationship. She and her partner obtained a declaration of their domestic partnership from the State pursuant to 22 M.R.S. § 2710(6) (2009). In September 2007, the Androscoggin Probate Court granted Sotiriou's petition to recognize her foreign adoption of the child, and the child was given a last name which was a combined form of Sotiriou's name and her partner's name. Ten days later, each partner to the domestic relationship filed a petition to change her name to the hyphenated surname the child received in his adoption.

Shortly thereafter the domestic partners filed a co-petition to jointly adopt the child. Sotiriou signed the petition. The court granted the petition without a hearing by judgment dated March 4, 2008. Neither party appealed. More than a year later, the domestic partners ended their relationship. Sotiriou petitioned to annul the partner's adoption of the child and also moved for relief from the adoption judgment pursuant to Rule 60 of the Maine Rules of Civil Procedure, asserting primarily that the adoption was granted as a result of a clerical mistake. The Probate Court denied the petition to annul and dismissed the motion for relief from judgment as untimely.

The Law Court concluded that Sotiriou's asserted procedural irregularities provided no basis to annul the partner's adoption of the child. Although the Act indeed requires the legal parent to give written consent to a child's adoption by another, the Law Court determined that the written consent need not be provided on a specific form. According to the Court: "The obvious purpose of the consent requirement is to prevent anyone from adopting a child without the permission of that child's legal parent." In re. Adoption of J.S.S., 2010 ME 74, ¶ 9, 2 A.3d at 283. Here, that purpose was served by the adoption petition itself, which was co-filed and signed by Sotiriou.

Nor did the Probate Court's failure to conduct a hearing constitute an illegal procedure in these circumstances under applicable Maine law. The Probate Court had a current home study available to it and could have easily satisfied itself the adoption was in the child's best interest without holding a hearing. The Court concluded that procedural due process had been accorded Sotiriou in the context of the adoption proceeding and post-judgment proceedings. Any lingering disputes over child-rearing responsibilities were properly resolved in an action to determine parental rights and responsibilities pursuant to 19-A M.R.S. § 1653.

Approximately two years later Sotiriou filed this lawsuit naming the State of Maine as the sole defendant and claiming that her constitutional rights to due process were violated.

### MOTION TO DISMISS STANDARD

The State of Maine has moved to dismiss all of Sotiriou's claims under Federal Rule of Civil Procedure 12(b)(1), based upon lack of subject matter jurisdiction. When considering any motion under Rule 12(b), the court accepts as true the well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. However, in determining subject matter jurisdiction, the Court is not confined to the pleadings and may consider other reliable materials in the record. Aguilar v. U.S. Immigration & Customs Enforcement Div., 510 F.3d 1, 8 (1st Cir. 2007). Ultimately it is the plaintiff's burden to establish the existence of subject matter jurisdiction. Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).

### DISCUSSION

The Rooker–Feldman[1] doctrine precludes federal district courts from obtaining jurisdiction over a challenge to a state court judgment to which the challenger was a party. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Miller v. Nichols,

---

[1] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

586 F.3d 53, 59 (1st Cir. 2009).  Only the Supreme Court of the United States may overturn state court civil judgments.  Exxon Mobil, 544 U.S. at 291-92.

The relief[2] sought by Sotiriou in this court is clearly set forth in her complaint.  She wants the federal district court to vacate the judgment of the Maine Law Court and enter judgment in her favor annulling the adoption.  However, the Rooker–Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008) (quoting Exxon Mobil, 544 U.S. at 284).  This case is a classic example of a situation where the relief sought by plaintiff falls outside of the jurisdictional boundaries of a federal district court.  The State of Maine is not subject to suit in federal district court every time a litigant complains that a final civil judgment rendered by the Maine Law Court violated her constitutional rights.  Sotiriou's remedy for such a claim of constitutional violation would have been to file a petition for review of the decision by the United States Supreme Court.

## CONCLUSION

Based upon the foregoing I recommend that the Court grant the motion and dismiss the complaint with prejudice.

---

[2]  Although Sotiriou references a claim for monetary damages in her response to the motion, the State of Maine enjoys sovereign immunity which protects it from claims for money damages and in most instances from claims for injunctive relief as well.  Pursuant to the Eleventh Amendment and the principles of sovereign immunity it embodies, a state may not be sued in federal court by private citizens unless either the state has expressly consented to suit or Congress has explicitly abrogated the state's immunity in those circumstances where such abrogation is effective. Va. Office for Prot. and Advocacy v. Stewart, 131 S. Ct. 1632, 1638 (2011) ("But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.").  The State of Maine has not waived its sovereign immunity.  Congress has not abrogated sovereign immunity in the context of a challenge such as this one relating to the final judgments of a state's highest court related to matters of adoption and the Ex parte Young, 209 U.S. 123 (1908) exception has no application to the present proceeding.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 4, 2012                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge